IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 04-cv-02340-REB-BNB

UNITED STATES OF AMERICA, and
the STATE OF COLORADO,

    Plaintiffs,

v.

HEALTH CARE MANAGEMENT PARTNERS, LTD, (HCMP), d/b/a
O'HARA REGIONAL CENTER FOR REHABILITATION, a limited partnership;
ORCR, INC. d/b/a O'HARA REGIONAL CENTER FOR REHABILITATION, INC.
a corporation;
SOLOMON HEALTH MANAGEMENT, LLC. (Solomon), d/b/a
SOLOMON HEALTH SERVICES, LLC.,
limited liability companies;
and HERSCH "ARI" KRAUSZ;
DAVID SEBBAG; and
V. ROBERT "Rob" SALAZAR,
Individuals,

    Defendants.

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

It is hereby stipulated and agreed by and between the undersigned Counsel, that good cause exists to support the entry of an order requiring production of documents pursuant to a protective order. A protective order ("the order") is necessary to protect the discovery and dissemination of confidential or sensitive patient and medical information and personally identifiable information of the parties' and their current or former employees found in the records of the parties, including information from and concerning third parties, which may be

protected by the Privacy Act, 5 U.S.C. § 552a, the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Pub. L. 104-191., and Colorado State law, including C.R.S. § 25-1-120(1)(h), §25-1-124(6) and § 25-1-1201 (2004), C.R.S. §§ 27-10-120, and 25-4-1401, *et. seq. (2004)*. In support of entry of the order, the Plaintiffs and the Defendants stipulate and agree as follows:

1. The Court finds good cause to order that records already produced by the parties pursuant to Fed. R. Civ. P. 26(a)(1) or which are produced pursuant to discovery obligations created by the Federal Rules of Civil Procedure have been produced subject to the provisions of this order.

2. The terms of this order shall apply to all documents, materials, and information, including without limitation, documents disclosed, documents produced in discovery or at depositions, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony and exhibits, and other information disclosed pursuant to the disclosure or discovery obligations created by the Federal Rules of Civil Procedure.

3. As used in this order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. As used in this order, "confidential information" means any individually identifiable patient (also referred to as "resident"), family member, or employee

(current or former) information, such as social security numbers; telephone numbers; addresses and dates of birth. In addition, confidential information includes any names of individuals contained in the records of the Colorado Department of Public Health and Environment ("CDPHE") obtained in the performance of its statutory obligations of investigation, licensure, and certification of health care facilities. Confidential information shall also include any and all financial information pertaining to the parties or their employees.

5.  As used in this order a "record" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which has been or is produced in this case pursuant to discovery under the Federal Civil Rules. It is stipulated and agreed that all records produced pursuant to this order contain confidential information and shall be marked "Confidential."

6. Any and all confidential information contained in any record produced under this order:

(a) shall be used by the Plaintiffs or Defendants and their counsel only for the purposes of this action;

(b) shall not be produced to the public in any form by the Plaintiffs or Defendants, or their counsel, or any agent of the Plaintiffs or Defendants, including experts or consultants, nor used by the Plaintiffs or Defendants or their counsel, or any agent, including experts or consultants, of these parties for any

business or commercial purpose; and

(c) may be disclosed by the Plaintiffs or Defendants and their counsel or agents only to the following persons:

(i) Plaintiffs, Defendants or their attorneys of record, including any attorneys regularly employed by the law offices of record that represent Plaintiffs or Defendants;

(ii) persons regularly employed or associated with the attorneys working actively on this case, such as secretarial, clerical, paralegal, or student personnel, employed or contracted for, full or part-time work by the attorneys or law offices representing Plaintiffs or Defendants, whose assistance is required by the attorneys in the preparation for trial, at trial, or in other proceedings in this case,

(iii) independent (non-employee) expert witnesses, consultants, or advisors retained by Plaintiffs or Defendants or their counsel in connection with this action, to the extent such disclosure is necessary for the preparation of trial or other proceedings, in this case, provided that these witnesses are given copies of this order and agree to be made subject to its provisions regarding disclosure;

(iv) court reporters or stenographers engaged to record deposition testimony, and their employees;

(v) deponents, their attorneys, and opposing counsel, provided that these persons are given copies of this order and agree to be made subject to its provisions regarding disclosure;

(vi) such other persons as may be authorized or ordered by the Court, upon twenty (20) calendar days written notice to opposing counsel, so that opposing counsel has an opportunity to object and seek further clarification of this order, if necessary; and

(vii) copies of documents produced under this order may be attached to pleadings filed with the Court only if such documents have all confidential information redacted or are filed under seal pursuant to D.C.Colo.LCivR 7.2, ~~in a sealed envelope, with the following statement typed conspicuously thereon:~~

~~CONFIDENTIAL~~

THIS DOCUMENT(S) IS FILED UNDER SEAL, UNLESS OTHERWISE ORDERED BY THE COURT IT SHALL NOT BE REPRODUCED FOR NOR SHOWN TO PERSONS OTHER THAN THOSE ENTITLED TO HAVE ACCESS TO SUCH DOCUMENTS UNDER THE STIPULATED PROTECTIVE ORDER ENTERED BY THE COURT BETWEEN THE PARTIES IN UNITED STATES, et.al., V. HEALTH CARE MANAGEMENT PARTNERS, LTD., et.al., CIVIL ~~ACTION NO. 04-RB-2340(BNB).~~

7. A copy of this order shall be delivered to each of the named parties and to each of the persons within the categories listed above in paragraph 6 (iii) through paragraph 6 (vi), to whom a disclosure of confidential information is made, at or before the time of disclosure, by the party making the disclosure or his counsel or agent. The provisions of this order shall be binding upon each such person to whom disclosure is made. The party making such a disclosure shall obtain from such person a written acknowledgment that they have received a copy of this Stipulated Protective Order and Confidentiality Agreement stating that he or she has read the order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

8. Whenever a deposition involves the disclosure of confidential information, the deposition or portions thereof shall be designated as confidential and shall be subject to the provisions of this order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate appropriate portions of depositions as confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) calendar days after notice by court reporter of the completion of the transcript.

9. The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegal, clerical, secretarial, and other support employees or agents, including but not limited to law clerks, paid or unpaid, are precluded from producing or providing any confidential information produced pursuant to the provisions of this order to any print, electronic, or news media representatives, including "unofficial media representatives' such as bloggers or web-based media representatives, or their employees, agents, or representatives, and are expressly prohibited from disclosing any confidential information contained in such documents to those individuals, or entities.

10. The provisions of this order shall not be construed as preventing:

(a) any disclosure of confidential information by the Plaintiffs or Defendants, their counsel or agents, as governed by the provisions of the order;

(b) any disclosure of confidential information to any United States District Court Judge, Magistrate Judge, or employee of the Court, for the purposes of this action provided that the provisions of this order and D.C.Colo.LCivR 7.2 are complied with, if documents are attached to any document proffered or filed with the Court; or

(c) any disclosure of confidential information for the purposes of the enforcement of criminal laws.

11. All information subject to confidential treatment in accordance with this order and any pleadings, motions, or other papers filed with the Court

disclosing any information produced under this order shall comply with the provisions of paragraph 6(c)(vii) and be filed and kept under seal until further order of the Court. Where possible, only the confidential portions of the documents filed with the Court shall be kept under seal.

12. This order shall not prejudice in any way any party's right to apply to the Court for a further protective order relating to any information produced pursuant to this order.

13. Within ninety (90) calendar days after the conclusion of this litigation, unless other arrangements are agreed upon in writing, or application for other disposition is made to the Court, each document and copies thereof containing confidential information shall either be returned to the party which produced the information or shall be destroyed. Plaintiffs and Defendants and/or their counsel shall produce a letter certifying that the confidential information has either been returned or destroyed.

14. In the event that parties to this litigation, their counsel, or any party who has consented to be bound to the terms of this order in any way violates the terms and conditions of the order, said individual or entity, shall consent to the jurisdiction of the United States District Court for the District of Colorado for the purposes of a contempt proceeding or an action concerning the right to injunctive or other appropriate relief as a result of such violation.

15. This order may be modified by the Court at any time for good cause shown following notice to the parties and an opportunity for them to be heard.

16. This order is entered without prejudice to other potential stipulated protective orders relating to the confidentiality of patient or other information.

17. This order in no way waives the right to object to producing information that may be protected in other ways, such as under statutes, rules, regulations, or constitutional protections.

Done this 15th day of July, 2005

By the Court:

*/s/ Boyd N. Boland*

~~United States District Court Judge~~
**BOYD N. BOLAND**
United States Magistrate Judge

WILLIAM J. LEONE
Acting United States Attorney

/s/
By: Edwin G. Winstead
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0404
edwin.winstead@usdoj.gov
Attorney for Plaintiff United States

JOHN W. SUTHERS
Attorney General

/s/
By: Michelle Reese
Assistant Attorney General
State Services Section
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Fax: (303) 866-5671
michelle.reese@state.co.us
Attorney for Plaintiff State of Colorado


/s/
Thomas B. Quinn, Esq.
Jennifer Forsyth, Esq.
White & Steele, P.C.
21st Floor
950 Seventeenth Street
Denver, Colorado 80202-2804
Telephone: (303) 296-2828
Fax: (303) 296-3131
tquinn@wsteele.com
For defendants Health Care
Management Partners, Ltd., ORCR,
Inc., Hersch Krausz and David Sebbag:


/s/
Gary Lozow
Isaacson Rosenbaum Woods
& Levy PC
633 Seventeenth Street, Suite 2200
Telephone: (303) 292-5656
Fax: (303) 292-3152
glozow@ir-law.com
For defendants Hersh Krausz and
David Sebbag:

- 10 -

/s/
Dawn E. Mitzner, Esq.
Ronald H. Nemirow, Esq.
Brian C. Proffitt, Esq.
Kennedy Christopher Childs
 & Fogg, P.C.
Independence Plaza
1050 17th Street, Suite 2500
Denver, Colorado  80265
(303) 825-2700
(303) 825-0434
dmitzner@kennedy-christopher.com
For defendant Solomon Health
Management, LLC:


/s/
Richard A. Waltz, Esq.
Waltz & D'Antuono
1660 Lincoln St. Ste 1660
Denver, Colorado  80264
Telephone: (303) 830-8800
Fax (303) 830-8850
dwaltz@waltzlaw.com
For defendant V. Robert Salazar: