IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02340-REB-BNB

UNITED STATES OF AMERICA, AND
THE STATE OF COLORADO,

Plaintiffs,

v.

HEALTH CARE MANAGEMENT PARTNERS, LTD., (HCMP), d/b/a O'HARA REGIONAL
CENTER FOR REHABILITATION, a limited partnership,
ORCR, INC., d/b/a O'HARA REGIONAL CENTER FOR REHABILITATION, INC., a
corporation,
SOLOMON HEALTH MANAGEMENT, LLC (Solomon), d/b/a SOLOMON HEALTH
SERVICES, LLC, limited liability companies,
HERSCH "ARI" KRAUSZ,
DAVID SEBBAG, and
V. ROBERT "ROB" SALAZAR, individuals

Defendants.
_____

**ORDER**
_____

This matter is before me on the following motions:

(1) **Plaintiffs' Motion For Leave to Amend Complaint and Local Rule 7.1**

**Certification** (the "Motion to Amend"), filed September 1, 2005; and

(2) **Defendant Solomon Health Management, LLC, Motion for More Definite**

**Statement Under Fed. R. Civ. P. 12(e) and 9(b)** (the "Motion for More Definite Statement"),

filed March 1, 2005.

The plaintiffs seek leave to add a Ninth Claim for Relief for Negligent Misrepresentation.

In addition, the proposed amended complaint adds four paragraphs, which the plaintiffs describe

as follows:

> [T]wo [of the new paragraphs] provide additional factual detail concerning Defendant Salazar's actions related to Plaintiffs' claims (Paragraphs 15 and 59) and two . . . provide additional detail concerning the effects which substandard therapies and conditions at O'Hara had on residents and on the direct nursing staff at O'Hara (Paragraphs 45 and 46).

Motion to Amend, p.2.

Finally, the plaintiffs propose an amended Exhibit A to the complaint "which designates the days between September 1, 1997 through December 2000 on which Defendants either failed to provide 24 hour Registered Nurse coverage at O'Hara or failed to have a direct nursing staff sufficient to provide an average of 5 hours of direct nursing care to the residents at O'Hara." Id.

The defendants oppose the Motion to Amend with respect to the addition of ¶59 and an amended Exhibit A. The proposed ¶59 states:

> That the understaffing problems at O'Hara were the result of the deliberate management practices of the Individual Defendants is evidenced by similar problems in the Bergen Regional Care Center in New Jersey ("Bergen"). Bergen suffered from similar quality of care problems related to inadequate staffing after Solomon assumed management of that facility in 1998 under the personal supervision of Defendant Salazar.

Proposed Exhibit A identifies specific dates when the O'Hara facility allegedly failed to provide 24 hour nursing coverage or provided less than five hours of direct nursing care to the residents. Plaintiffs' counsel acknowledges that the proposed Exhibit A contains omissions, and he requests leave to provide a substitute Exhibit A correcting the omissions if leave to amend is granted.

The defendants oppose the addition of ¶59 based on undue delay, undue prejudice to the opposing party, and futility of the amendment. See Duncan v. Dept. of Safety, 397 F.3d 1300, 1315 (10th Cir. 2005)(stating that leave to amend may be denied "only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment'").

I find that the plaintiffs have not unduly delayed in seeking this amendment.

The prejudice alleged by the defendants is the added burden associated with discovery and proof of matters concerning a distinct facility in Bergen, New Jersey. In addition, the defendants argue that evidence concerning the Bergen facility is irrelevant to this case and cannot be admitted, citing the Duncan case. Id.

I cannot say, based on the record before me and as a matter of law, that the addition of ¶59 is futile. To the contrary, the evidence is offered, at least, to show the personal knowledge and/or participation of certain defendants, which is relevant to matters at issue in the case. Nor is it certain at this point in the proceedings that the evidence must be excluded at trial. Finally, I will not deny amendment based solely on possible burdensome discovery, particularly because there is no evidence presented of the burden nor could there be until discovery is served.

The defendants oppose amendment of Exhibit A as futile because the information added is irrelevant; the applicable regulations do not impose a requirement of five hours of direct nursing care. The plaintiffs respond that Exhibit A is offered merely to specify days on which they claim inadequate care was provided. Given its limited purpose, I do not find the proposed amendment to Exhibit A to be futile or otherwise barred.

With respect to the Motion for More Definite Statement, I find that the allegations of fraud concerning false documents are stated with sufficient particularity.

IT IS ORDERED that the Motion to Amend is GRANTED. The plaintiffs are granted leave to file the amended complaint with a revised amended Exhibit A on or before **October 10, 2005**. The defendants shall answer of otherwise respond to the amended complaint within 10 days of the date it is filed.

IT IS FURTHER ORDERED that the Motion for More Definite Statement is DENIED.

Dated September 30, 2005.

                                        BY THE COURT:

                                        /s/ Boyd N. Boland
                                        United States Magistrate Judge