**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-02340-REB-BNB

UNITED STATES OF AMERICA, and
the STATE OF COLORADO,

    Plaintiffs,

v.

HEALTH CARE MANAGEMENT PARTNERS, LTD, (HCMP), d/b/a
O'HARA REGIONAL CENTER FOR REHABILITATION, limited partnership;
ORCR, INC. d/b/a O'HARA REGIONAL CENTER FOR REHABILITATION, INC., a corporation;
SOLOMON HEALTH MANAGEMENT, LLC, (Solomon), d/b/a SOLOMON HEALTH SERVICES, LLC,  limited liability companies;
HERSCH "ARI" KRAUSZ;
DAVID SEBBAG, and
V. ROBERT"ROB" SALAZAR, individuals,

    Defendants.

## ORDER DENYING MOTION FOR EXTENSION OF TIME

**Blackburn, J.**

    This matter is before me on defendant V. Robert Salazar's third motion for an extension of time to file a reply brief [#216], filed February 1, 2006.  The motion is denied.

    In his first motion for an extension of time to file a reply brief [#202], filed January 23, 2006, Salazar's counsel relied solely on the agreement of opposing counsel as a basis for granting an extension of time.  Under REB Civ. Practice Standard II.G.1, the agreement of counsel does not constitute good cause for an extension of time.  The first motion was denied on this basis.

In his second motion for an extension of time to file a reply brief [#210], filed January 24, 2006, Salazar's counsel relied on the fact that he was in trial during the week the motion was filed as a basis for the requested extension of time. Under REB Civ. Practice Standard II.G.1, press of business and scheduling conflicts do not constitute good cause for an extension of time, unless those circumstances are unanticipated and unavoidable. Presumably, counsel's trial was not unanticipated. The second motion was denied on this basis.

In his present, third motion for an extension of time to file a reply brief [#216], Salazar's counsel does not describe circumstances that constitute good cause for an extension of time under the court's practice standards. He does cite two other motions for extension of time which the court has granted, and argues that the standards applied to those motions should be applied to the present motion. The first motion [#132], filed November 22, 2005, concerned a response to a motion to compel pending before the Magistrate Judge. The Magistrate Judge granted the motion, and that is his prerogative.

The second motion [#203], filed January 23, 2006, concerned the filing of the plaintiffs' responses to a motion for summary judgment. In that motion, the plaintiff cited the press of other business and the complexity of the statute of limitations issues raised in the motion for summary judgment. Though not compelling, the complexity of issues raised in an opposing party's motion can constitute good cause for an extension of time. Such a circumstance is not cited in the present motion for an extension of time.

In short, counsel has sought to comply with the court's Practice Standards in a piecemeal fashion, as the court has noted his non-compliance. To date, good cause

for the extension of time sought by counsel has not been demonstrated. Counsel has cited no basis for his assertion that defendant Salazar will be extremely prejudiced if counsel is not permitted to file a reply to the plaintiffs' response to Salazar's motion to dismiss.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant V. Robert Salazar's third motion for an extension of time to file a reply brief [#216], filed February 1, 2006, is **DENIED**; and

2. That absent written permission from the court, counsel for defendant Salazar may not file any further motions seeking an extension of time to file a reply to the plaintiffs' response to Salazar's pending motion to dismiss.

Dated February 3, 2006, at Denver, Colorado.

                                          **BY THE COURT:**

                                          **s/ Robert E. Blackburn**
                                          **Robert E. Blackburn**
                                          **United States District Judge**