IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02340-REB-BNB

UNITED STATES OF AMERICA, AND
THE STATE OF COLORADO,

Plaintiffs,

v.

HEALTH CARE MANAGEMENT PARTNERS, LTD., (HCMP), d/b/a O'HARA REGIONAL
CENTER FOR REHABILITATION, a limited partnership,
ORCR, INC., d/b/a O'HARA REGIONAL CENTER FOR REHABILITATION, INC., a
corporation,
SOLOMON HEALTH MANAGEMENT, LLC (Solomon), d/b/a SOLOMON HEALTH
SERVICES, LLC, limited liability companies,
HERSCH "ARI" KRAUSZ,
DAVID SEBBAG, and
V. ROBERT "ROB" SALAZAR, individuals

Defendants.
_____

# ORDER
_____

This matter is before me on the following:

(1) **Defendants ORCR, Inc., d/b/a O'Hara Regional Center for Rehabilitation, Inc.; David Sebbag; and Hersch "Ari" Krausz's Unopposed Motion to Withdraw Their Amended Motion to Dismiss or, In the Alternative, to Compel Discovery Responses Dated September 28, 2005 and Enter the Corresponding Stipulation Regarding Plaintiffs' Outstanding Discovery Obligations** [Doc. # 213, filed 2/1/06] (the "Motion to Withdraw Motion to Dismiss"); and

(2)     **Defendants ORCR, Inc., d/b/a O'Hara Regional Center for Rehabilitation, Inc., David Sebbag, and Hersch "Ari" Krausz's Amended Motion to Dismiss or, In the Alternative, to Compel Discovery Responses Dated September 28, 2005** [Doc. # 184, filed 1/5/06] (the "Motion to Dismiss").

The parties entered into a stipulation which resolves the issues raised in the Motion to Dismiss. The defendants are prepared to withdraw the Motion to Dismiss based on the stipulation, but for unexplained reasons the parties seek my signature on the stipulation. I have reviewed the stipulation, and nothing in it causes me concern based on my limited knowledge. The stipulation recites, however, that the parties engaged in "three separate face-to-face meetings and additional telephone conferences representing four to six hours of discussions," and that "[i]t is not possible to reduce all of the information and ideas exchanged during those meetings to this stipulation." Stipulation [Doc. # 214, filed 2/1/06], at p.2. I did not participate in any of those discussions, and their substance, except as reflected in the stipulation, are unknown to me. The stipulation specifies certain deadlines for discovery matters to occur, but all of the deadlines appear to be within the discovery cut-off. In short, my signature on the stipulation appears to be unnecessary, and the parties have failed to specify the reason they seek it.

IT IS ORDERED that the Motion to Withdraw Motion to Dismiss is GRANTED to allow the withdrawal of the Motion to Dismiss, but is DENIED insofar as it seeks my signature on the parties' stipulation.

IT IS FURTHER ORDERED that the Motion to Dismiss is DENIED as withdrawn.

Dated February 3, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge